BEFORE THE FIRST DIVISION, JANUARY 16, 1961

**No. 65039.**—Semon Bache & Company *v.* United States, protest 59/16431 (New York).

OLIVER, Chief Judge: Counsel for the respective parties have submitted this protest for decision on an agreed set of facts, set forth in a written stipulation as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the above entitled protest consists of glass prisms classified as scientific glassware under paragraph 218(a), Tariff Act of 1930, as amended, and assessed with duty at the rate of forty-two and one-half (42½%) per centum ad valorem thereunder;

2. That the attached sample is representative of the merchandise here involved and is offered in evidence as such without objection;

3. That the said glass prisms are not chiefly used as biological, chemical, metallurgical, pharmaceutical or surgical articles or utensils;

4. That the said glass prisms are chiefly used in secondary schools and colleges in courses in physics to demonstrate the behavior of light and to aid in teaching the measurement of the refraction of light rays; and

5. That the instant protest may be submitted upon this stipulation of fact.

Paragraph 218(a) of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, under which the present merchandise was classified, reads as follows:

Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, *including all scientific articles*, and utensils, *whether used for experimental purposes in* hospitals, laboratories, *schools or universities, colleges, or otherwise*, all the foregoing (except articles provided for in paragraph 217 or 218(e), Tariff Act of 1930), finished or unfinished, wholly or in chief value of glass. [Italics supplied.]

Plaintiff's protest alleges that:

This material is more specifically provided for under Paragraph 230D as:

Glass and manufactures, wholly or in chief value of glass nspf, at 22½%

or under Paragraph 226 as:

Strips of glass not over 3'' wide ground or polished on one or both surfaces to a prismatic form, at 35% ad val.

It will be observed that paragraph 218(a), as modified, *supra*, invoked by the collector, includes provision for scientific articles used in schools, colleges, or universities, and that the parties herein, in their stipulation of submission, concede that the glass prisms in question are "chiefly used in secondary schools and colleges."

It is well settled that "the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C.C.P.A. (Customs) 157, C.A.D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75). Plaintiff, in challenging the collector's classification, assumed "the dual burden of proving that such classification is incorrect and that its own claimed classification is correct." *Yardley & Co., Ltd., et al.* v. *United States*, 41 C.C.P.A. (Customs) 85, C.A.D. 533.

The stipulated facts, coupled with the sample of the present merchandise, which comprise the record before us, are not sufficient to overcome the presumption of correctness attaching to the collector's classification and to establish, as the proper classification for these glass prisms, either of the paragraphs claimed by plaintiff.

The protest is, therefore, overruled and judgment will be rendered accordingly.