(C.D. 2275)

SEMON BACHE & COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided on rehearing [Abstract 65039] July 12, 1961)

*Jerome G. Clifford* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

OLIVER, Chief Judge: Counsel for the respective parties have submitted this protest for decision on an agreed set of facts, set forth in a written stipulation as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the above entitled protest consists of glass prisms classified as scientific glassware under paragraph 218(a), Tariff Act of 1930, as amended, and assessed with duty at the rate of forty-two and one-half (42½%) per centum ad valorem thereunder;

2. That the attached sample is representative of the merchandise here involved and is offered in evidence as such without objection;

3. That the said glass prisms are not chiefly used as biological, chemical, metallurgical, pharmaceutical or surgical articles or utensils;

4. That the said glass prisms are chiefly used in secondary schools and colleges in courses in physics to demonstrate the behavior of light and to aid in teaching the measurement of the refraction of light rays; and

5. That the instant protest may be submitted upon this stipulation of fact.

Paragraph 218(a) of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, under which the present merchandise was classified, reads as follows:

Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, *including all scientific articles,* and utensils, *whether used for experimental purposes* in hospitals, laboratories, *schools or universities, colleges, or otherwise,* all the foregoing (except articles provided for in paragraph 217 or 218(e), Tariff Act of 1930), finished or unfinished, wholly or in chief value of glass. [Italics supplied.]

This case was the subject of our decision in *Semon Bache & Company* v. *United States,* 46 Cust. Ct. 300, Abstract 65039. It comes before us at this time, pursuant to a motion for rehearing which was granted plaintiff to allow counsel to file a brief which was not requested, "through inadvertence," when the case was originally submitted. Both parties have now filed briefs, discussing cases allegedly supporting their respective positions.

Plaintiff relies entirely on *United States* v. *Chesterton Co. et al.,* 15 Ct. Cust. Appls. 175, T.D. 42232. That case arose under the Tariff Act of 1922 and involved certain glass tubes, which the court

found were known as gauge glasses and used on boilers to measure the height of the water therein. The merchandise was classified under the provision for tubing in paragraph 218 of the Tariff Act of 1922, which, so far as pertinent, reads as follows:

PAR. 218. Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, including all scientific articles, utensils, tubing, and rods, whether used for experimental purposes in hospitals, laboratories, schools or universities, colleges, or otherwise, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 65 per centum ad valorem; * * *.

The importer claimed that the merchandise was classifiable either as articles of blown glass, not specially provided for, under paragraph 218 of the Tariff Act of 1922, or as manufactures of glass, not specially provided for, under paragraph 230 of that act.

Analyzing the provision of paragraph 218 of the Tariff Act of 1922, invoked by the collector in the cited case, the appellate court reasoned as follows:

It will be observed that the statute recites the words: "Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils, including," and follows with the disputed provision about tubes. This clearly evinces an intent to include only such articles as are of the general kind indicated by the preceding words. Again, the words "including all scientific articles, utensils, tubing, and rods," must in order to carry out the plain intent, be read as if it recited "scientific articles, scientific utensils, scientific tubing, and scientific rods." If this were not the construction, then any sort of glass tubing, glass rods, or glass utensils might come within the language, for it will be observed that such articles come within the same, "whether used * * * in hospitals, * * * or otherwise," which must be construed, under the authorities, to mean whether so used *or not*. [Italics quoted.]

The court held that the merchandise involved in the cited case was not scientific tubing and, therefore, excluded it from classification under paragraph 218 of the Tariff Act of 1922.

Plaintiff contends that the effect of the *Chesterton* case, *supra*, was to limit the statutory language, "including all scientific articles," in paragraph 218, *supra*, only to such scientific articles that are biological, chemical, metallurgical, pharmaceutical, or surgical articles. Counsel, in his brief, argues the point as follows:

This decision of our appellate court clearly construes the language of the paragraph as requiring, as a prerequisite to classification thereunder, that a glass article must fall within one or more of the categories initially enumerated. Failure to meet this requirement precludes classification under that part of the paragraph.

Plaintiff's contention cannot be sustained. First of all, we do not draw from the *Chesterton* case the statutory construction suggested by plaintiff. The cited case was concerned with glass tubes and, consequently, was limited in its conclusion to the word "tubing," as it appeared in the provision, hereinabove set forth, of paragraph 218

of the Tariff Act of 1922. Subsequent legislation, coupled with later judicial pronouncements, as hereinafter discussed, supports this view.

The decision in the *Chesterton* case was referred to by the Tariff Commission in the Summary of Tariff Information of 1929, when the provisions of paragraph 218 involved herein were being considered by Congress in connection with pending legislation that ultimately became the Tariff Act of 1930. In its reference to the cited case, the Summary of Tariff Information of 1929 (p. 523) calls specific attention to that part of the decision therein which held the statutory words, "all scientific articles, utensils, tubing, and rods," to mean:

&ast; &ast; &ast; scientific articles, scientific utensils, scientific tubing and scientific rods, otherwise all kinds of glass utensils, tubing, and rods would be embraced, since the language "whether used in hospitals or otherwise" means whether so used or not.

With such knowledge before it, Congress, in enacting the Tariff Act of 1930, eliminated "tubing and rods" from the provision for scientific articles included in paragraph 218(a) and provided for them in paragraph 218(b) at an ad valorem rate of duty lower than that for scientific articles under paragraph 218(a). The change in statutory language was recognized in *United States* v. *The A. S. Aloe Co.*, 20 C.C.P.A. (Customs) 319 (at 323–324), T.D. 46111, which involved certain so-called centrifuge sedimentation tubes, used by doctors in making urinary analyses. In the *Aloe* case, the court stated as follows:

Paragraph 218(a) and paragraph 218(b) have resulted in the Tariff Act of 1930 from a change in and a division of the first part of paragraph 218 of the Tariff Act of 1922. &ast; &ast; &ast; It is to be noted that the chief change resulting from the division of a portion of the old paragraph into two subdivisions is the fact that in the act of 1922 the expression was—

biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, including all scientific articles, utensils, tubing and rods,

while in the new divided paragraph "tubing and rods" is taken out of subdivision (a) and a new subparagraph is made which says:

(b) Tubes (except gauge glass tubes), rods, canes, and tubing, with ends finished or unfinished, for whatever purpose used, wholly or in chief value of glass, 65 per centum ad valorem; &ast; &ast; &ast;.

Tubing and rods under the old paragraph had to have the qualities of the first part of the paragraph. In *United States* v. *Chesterton Co. et al., supra*, it was held that the tubing must be scientific tubing, notwithstanding the fact that the paragraph included the phrase—

whether used for experimental purposes in hospitals, laboratories, schools or universities, colleges, or otherwise.

It seems to us that by the removal of the phrase from subsection (a) and the creation of subsection (b) it was the intent of Congress, first, to include certain tubes and other articles thereunder which did not have a scientific character, and, second, to include canes and finished tubes as distinguished from what might be held to be tubing or material from which tubes were made. Cer-

tainly, whatever changes were made, instead of indicating an intent to include a chemical article of the character at bar within subdivision (b), the indication, if any, would be to the contrary. A lower rate of duty was made on the tubes in (b) than on chemical, surgical, or scientific articles in (a).

The proposition advanced herein by plaintiff was before the court in *Heemsoth & Basse, Nicholas Wapler Co.* v. *United States*, 24 C.C.P.A. (Customs) 208, T.D. 48657. There, the merchandise consisted of certain aquarium thermometers, which were classified under paragraph 218(a) of the Tariff Act of 1930, as "scientific, chemical, or surgical articles." In claiming classification for the merchandise as blown glass articles, the importers contended, *inter alia*, that "the involved article cannot be classified under paragraph 218(a), * * * because if it is a scientific article or utensil, it is not a biological, chemical, metallurgical, pharmaceutical, or surgical one." In disposing of the issue, adversely to the importers' contention, the Court of Customs and Patent Appeals held that the statutory term, "all scientific articles," as it appears in paragraph 218(a), is not one of limitation that is restricted in its application to the articles provided for "in the five specially named categories," but, on the contrary, they are words of extension that "broadened the scope of the whole paragraph," to include all scientific articles "no matter where or how used so long as they were scientific articles."

The statutory construction enunciated in the *Heemsoth & Basse* case, *supra*, is dispositive of the present issue. Consistent therewith, we hold the glass prisms in question, which, on the basis of the present record—stipulated facts coupled with the sample of the present merchandise—are scientific articles used in schools and colleges, to be properly classifiable under the specific provision therefor in paragraph 218(a), as modified, *supra*, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.